UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN WELCH , JUDITH WELCH, KENNETH
SPARKS JR., CAROL SPARKS, SHERRY
MURPHY, AND MARK FULKS              JUDGE:
ON BEHALF OF THEMSELVES AND
ALL OTHERS SIMILARLY SITUATED,
AND UNITED RETIRED GOVERNMENTAL     CASE NO:
EMPLOYEES (URGE), A MICHIGAN NON
PROFIT CORPORATION,

    PLAINTIFFS,

v.

MICHAEL BROWN, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS EMERGENCY
MANAGER OF THE CITY OF FLINT, EDWARD
KURTZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
EMERGENCY MANAGER OF THE CITY OF FLINT,
ROBERT ERLENBECK,  INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS MANAGER FOR THE
CITY OF FLINT RETIREMENT OFFICE , GERALD AMBROSE
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS CITY OF FLINT FINANCE DIRECTOR, AND THE
CITY OF FLINT,

    DEFENDANTS.
_____

GREGORY T. GIBBS (P-26440)
ALEC SCOTT GIBBS (P-73593)
LAW OFFICE OF GREGORY T. GIBBS
Attorneys for Plaintiffs
717 S Grand Traverse St
Flint, MI 48502
(810) 239-9470
greggibbs51@sbcglobal.net
gibbsale@gmail.com
_____

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

    Plaintiffs on behalf of themselves and the class of persons similarly situated, by their

attorneys, The Law Offices of Gregory T. Gibbs, complain against Defendants as follows:

**JURISDICTION AND VENUE**

1. This is an action for equitable relief and damages alleging Defendants have breached obligations it has toward Plaintiffs to provide specific health care and other retirement benefits and coverage to Plaintiffs as retirees. Plaintiffs also allege that Defendants has violated their constitutional rights by substantially impairing their contractual rights and depriving them of property contrary to due process of law. These claims are asserted under 42 U.S.C. § 1983 and this court has jurisdiction to hear these claims under 28 U.S.C. § 1331. Plaintiffs additionally allege that Defendants violated Plaintiffs' rights under the Bankruptcy Code pursuant to § 903(1) of Title 11.

2. This action is brought as a class action by the (URGE) and the Class Representatives, John Welch, Judith Welch, Kenneth Sparks Jr., Carol Sparks, Sherry Murphy, and Mark Fulks on behalf of themselves and a similarly situated class of retirees and surviving spouses and dependents pursuant to Rule 23(a) and Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

3. In Count I, brought under 42 USC § 1983, Plaintiffs seek declaratory and injunctive relief as well as damages for the substantial impairment of their contracts with the City of Flint, where said impairment of Plaintiffs' contracts was neither reasonable nor necessary under the circumstances as required by the federal and state constitutions.

4. In Count II, brought under the Bankruptcy and Supremacy Clauses of the United States Constitution and Title 11 of the United States Code, Plaintiffs seek declaratory and injunctive relief as well as damages for Defendants' composition of debts

pursuant to State law, action that is preempted by and in violation of 11 USC § 903(1).

5. In Count III, brought under 42 USC § 1983, Plaintiffs seek damages as well as declaratory and injunctive relief where Defendants have deprived Plaintiffs of a property interest without procedural due process and in violation of substantive due process, as well as a taking of property without just compensation, in violation of 42 U.S.C § 1983, U.S. Const. Amend. 14. Additionally, Defendant City of Flint acted pursuant to an official policy or custom.

## PARTIES

6. Plaintiff United Retired Governmental Employees (hereinafter URGE or the Association) is a nonprofit corporation registered with the Michigan Department of Licensing and Regulatory Affairs organized for the purpose of representing the interests of retirees who are retired from the City of Flint. URGE has been a group officially recognized by Resolution of the City of Flint and by the City of Flint Employee Retirement System, as representing the interests of such retirees.

7. Plaintiff and class representative John Welch retired from the City of Flint Fire Department on June 21, 1983. He was a member of Flint Firefighters Local Union 352 on the date he retired. Currently, he and his wife receive health care benefits by virtue of the collective bargaining agreement in place at the time of his retirement. Defendants' reduction and elimination of his benefits has caused a financial hardship and irreparable injury by interfering with his level of care and by threatening to further interfere with his level of health care in the future.

8. Plaintiff and class representative Judith Welch is the spouse of Plaintiff John Welch. She is covered under the same health insurance plan as that of John Welch. Defendants' reduction and elimination of her benefits has caused a financial hardship and irreparable injury by threatening to interfere with her level of health care, and threatening to interfere with her husband's care.

9. Plaintiff and class representative Kenneth Sparks, Jr., retired from the City of Flint Police Department in August of 1986. He was a member of the Flint Police Officers Association (FPOA) on the date he retired. Currently, Plaintiff Sparks and his wife both receive health care benefits by virtue of the contract he had with the City of Flint at the time of his retirement. Defendants' reduction and elimination of his benefits has caused a financial hardship and irreparable injury by threatening to interfere with, and actually interfering with, his level of health care.

10. Plaintiff and class representative Carolyn Sparks is covered under the same health insurance plan as that of her husband, Kenneth Sparks Jr. Defendants' reduction and elimination of her benefits has caused a financial hardship and irreparable injury by threatening to interfere with her level of health care, and threatening to interfere with her husband's care.

11. Plaintiff and class representative Sherry Murphy retired from the City of Flint as an exempt employee. Plaintiff Murphy receives health care benefits by virtue of the Flint City Ordinance providing health care benefits for exempt employees in effect at the time of her retirement. Defendants' reduction and elimination of her benefits has caused a financial hardship on Plaintiff Murphy by substantially increasing the cost

of her health care benefits.

12. Plaintiff and class representative Mark A. Fulks retired from the City of Flint Utilities Department as a Coordinator on June 29, 2010. Plaintiff Fulks was a member of AFSCME Council 25, Local 1799 on the date he retired and was serving as Vice President and Grievance Chairman of Local 1799 up to the date he retired. Plaintiff Fulks receives health care benefits by virtue of the contract between Local 1799 and the City of Flint in effect at the time of his retirement. Defendants' reduction and elimination of his benefits has caused a financial hardship on Plaintiff Fulks by substantially increasing the cost of his health care benefits.

13. Defendant City of Flint is a municipal corporation organized under the laws of the State of Michigan.

14. Defendant Michael Brown was the appointed Emergency Manager for the City of Flint, at the pleasure of the Governor of the State of Michigan and for the duration of its receivership.

15. Defendant Edward Kurtz was purportedly appointed Emergency Financial Manager (hereafter EFM) for the City of Flint subsequent to the recision of Public Act 4 by the Michigan Supreme Court in spite of the fact that the law authorizing the appointment of an Emergency Financial Manager was repealed by the State of Michigan in 2011.

16. Defendant Robert Erlenbeck was a manager for the for the City of Flint Retirement Office and responsible for administering health insurance benefits and implementing the proposed changes at the time they were adopted. Mr. Erlenbeck continues to perform "assignments related to risk management and health insurance activities" as

      directed by the Director of Finance, pursuant to an August 13, 2012 resolution approved by The Emergency Financial Manager for the City of Flint, Edward Kurtz.

17. Defendant Gerald Ambrose is the Finance Director for the City of Flint and is responsible for administering the health insurance policies for the City of Flint.

## STATEMENT OF FACTS

18. The City of Flint is a Michigan municipal corporation and the seat of government for Genesee County. Over the course of its existence, the City has employed a number of people responsible for the day to day functions and operations of local government. Many of those employees have retired from the City of Flint with vested rights to certain pension and non-pension retirement benefits. The right to these benefits are established and secured by, inter alia, contracts, ordinances, and pervasive past practices and promises.

19. The City of Flint Code of Ordinances includes provisions incorporating contracts applicable to Plaintiffs at the time of their retirement, and this includes health insurance benefits provided by ordinance and collective bargaining agreements, or both.

20. Most of the benefits provided to retiree participants and their eligible spouses and dependents are set forth in contracts incorporated into the benefits plan by ordinance, but there are also non-union (exempt) participants, who, by virtue of Flint City Ordinance are entitled to health care benefits. Regardless of the source of the right, all retirees covered by the plan, at minimum, enjoy a right to lifetime health insurance benefits identical or comparable to the plans in effect at the time of their retirement.

21. In the recent past, the City of Flint has had to address budget deficits. Among other things, this has included a period in 2002 when the City came under Emergency Financial Management. On and off since at least the 1980s, the City has been conscious of the need to control health insurance costs. Accordingly, contracts and ordinances drafted and negotiated and agreed to since the 1980s have taken the rising costs of health care into account.

22. In 2011 the State of Michigan legislature considered and voted to adopt Public Act 4 which was purportedly intended to address budget deficits incurred by municipalities. This was not the first time a municipal insolvency statute had been passed or expanded by the Michigan legislature: an emergency financial manager statute was enacted in 1988 and was substantially expanded by the passage of Public Act 72 of 1990, codified as MCL §§ 141.1201, et seq. This predecessor of Public Act 4 permitted the governor to appoint emergency financial managers for local governments and school boards provided certain conditions were met. Public Act 4 expanded the governor's authority to appoint emergency managers for municipalities facing budget shortfalls.

23. From both a quantitative and qualitative perspective, Public Act 4 was an immense expansion of the powers of trustees handling municipal insolvency. Unlike its predecessors, Public Act 4 effectively operates to do many of the same things Chapter 9 of the United States Bankruptcy Code does.

24. As in federal municipal bankruptcy, Public Act 4 requires state approval before a municipality is placed into receivership. Unlike its predecessors and the municipal

bankruptcy code, however, the Act lowers the threshold for state intervention by expanding the list of events that initiate receivership proceedings. The Act also allows for a preliminary review at the discretion of the state treasurer. If the review team determines that a financial emergency exists and there is no satisfactory plan to resolve the emergency, a trustee known as an "emergency manager" may be appointed.

25. Once appointed, the emergency manager had much more power under Public Act 4 than any predecessor statute, including the power to cancel municipal debts by terminating existing municipal contracts, a power ordinarily reserved for bankruptcy proceedings under federal law. No previous municipal insolvency statutes authorized the rejection, modification or termination of existing contracts between the local governments in receiverships and third parties, but that is what Public Act 4 purports to do. The Act also allows for the temporary modification of collective bargaining agreements under certain, limited circumstances.

26. Michael Brown was appointed as the emergency manager for the City of Flint under Public Act 4 at a salary of $170,000.00 per year. Because his authority flowed from the new municipal insolvency law, his powers were significantly broader than any previous emergency financial manager. Mr. Brown was removed as the Emergency Manager on August 8, 2012 due to the certification of the ballot referendum to remove Public Act 4 by the Michigan State Board of Canvassers, and appointed to act as Flint City Manager by Edward Kurtz. Before his removal as Emergency Manager, Mr. Brown implemented the unilateral changes of benefits complained of

herein under color of law conferred to him by Public Act 4. In spite of the suspension of Public Act 4 by referendum, the Defendants are moving forward on acts taken by Mr. Brown when he acted as Emergency Manager under Public Act 4. Moreover, although Edward Kurtz was purportedly appointed under the Act preceding Public Act 4 because Mr. Brown was not eligible to serve as Emergency Financial Manager under the predecessor Act, Mr. Kurtz has appointed Mr. Brown City Manager at a salary of $170,000.00 per year and delegated his authority to act as Emergency Financial Manager to Mr. Brown. In his new position, Mr. Brown continues to implement the orders he issued as Emergency Manager under the suspended Public Act 4.

27. The City of Flint has a number of municipal retirees, in excess of 1,000. These retirees were promised that they would be entitled to receive all benefits in addition to their pension upon retirement, including health insurance. This promise encompassed their eligible spouses and dependents as well. They were promised the same benefits they enjoyed at the time they were employed by the City of Flint.

28. Lifetime health insurance benefits were promised to both union and non-union retirees, to continue at no cost to the employee. Plaintiffs and the class they represent were the beneficiaries of these contracts and promises.

29. In April of 2012, Emergency Manager Brown invoked his power to modify the terms of collective bargaining agreements and shifted many health care costs to retirees. As a challenge to Pubic Act 4 loomed, a series of orders were hurriedly issued by Brown which spell out the various modifications to Plaintiffs benefits that have or will take

effect.

30. The Defendants have announced they will unilaterally change the contractual and statutory benefits of all named Plaintiffs and the class of retirees they represent who are entitled to health insurance benefits, by reducing health care coverage subject to new terms that were not originally part of Plaintiffs' contracts. This includes, but is not limited to, the following changes:

   A. Defendant City of Flint will no longer provide health care coverage for a retiree's spouse if that spouse is eligible to receive any paid healthcare coverage through their employer or former employer.

   B. Non-Medicare retirees will be forced to choose between three new plans: Blue Cross Blue Shield Community Blue Plan CB 12, HealthPlus Plan DVDF and McClaren Health Plan C6. Although the details of the plans being imposed on retirees vary, each plan shifts costs onto retirees by adding deductibles, co-payments and coinsurance.

      i. Under all three plans, retirees will be forced to pay a minimum of $500 and a maximum of $2,000 in out-of-pocket expenses before any insurance coverage begins.

      ii. Under all three plans, retirees will be required to cover twenty percent of the costs of their health care, out-of-pocket, even after the deductibles have been met and paid. This is in addition to copayments for office visits

        to primary care physicians, specialists and emergency rooms.

C. Non-Medicare retirees who retired after July 1, 2000 will also be required to change their prescription drug coverage from their original plan to one of the three plans offered by the insurance carriers mentioned above. The McClaren POS plan imposes new copayments of $10 for generic drugs, $25 for "brand on formulary" drugs and $50 for brand not on formulary drugs. Additionally, under all three plans some drugs require prior authorization and step therapy, while other drugs have quantity limits. The HealthPlus Plan also imposes a mandatory "specialty pharmacy" requirement.

D. The city's new retiree health care plans will coordinate benefits with Medicare in accordance with Medicare Secondary and Primary Payor rules. Because open enrollment is limited and there are many municipal retirees who were not required to enroll in Medicare Part B until the 2012 EM orders took effect, the coordination of benefits will result in a lack of Medicare Part B coverage for the Plaintiffs' Welch, Sparks and the class of retirees and retiree beneficiaries they represent until 2013. Retirees enrolled in both Medicare Part A and Medicare Part B will be enrolled in a Medicare Advantage Plan effective September 1, 2012.

31. Although URGE has long been recognized as an association representing the interests

of municipal retirees by virtue of City Council Resolution and past practice, Emergency Manager Brown made no attempt to meet and confer with URGE to see if there were alternatives to the drastic contractual modifications.

32. Plaintiffs' Welch, Sparks and the class of retirees and retiree beneficiaries they represent have been notified by Defendants they will be subjected to unilateral changes in their health care benefits effective September 1, 2012. These Plaintiffs and the class they represent will suffer irreparable harm if the Defendants are not enjoined from implementing these changes on September 1, 2012. In further support of these allegations, these Plaintiffs' state the following:

    A. Under the contracts Plaintiffs Welch and Sparks had with the City of Flint they were not required to purchase Medicare part B. (These Plaintiffs were employed by the Fire Department and retired in the 1980's. Police and fire employees were not part of the Medicare or Social Security System when they worked for the City and, therefore, made no contributions to those funds.) Under the City of Flint's change in their contract their spouses are required to purchase Medicare Part B at an additional costs to them. These Plaintiffs and their representatives have been advised they cannot enroll in Medicare Part B until January of 2013. As a result, Plaintiffs have received no information indicating they will have any coverage between August 1, 2012 and January 2013. Moreover, because these Plaintiffs and their representatives were not required to enroll in Medicare at age 65

prior to the City's change in their contract they will be required to pay additional money as a penalty for each year they did not enroll in Medicare from age 65 onward. (Sparks and Welch Declarations)

B. These Plaintiffs and their representatives will also incur substantial increases in monthly expenses as a result in an increase in deductibles for medical services and co-pays for prescription benefits that Defendants intend to unilaterally impose upon them. (Sparks and Welch Declarations)

C. Many of these Plaintiffs and their representatives suffer from illnesses requiring them to use their health insurance. (Sparks and Welch Declarations)

D. These Plaintiffs and their representatives live on fixed incomes which cover the basic necessities of life and have insufficient funds to pay for additional expenses caused by Defendants' unilateral change in their budgets. As a result, if Defendants' unilateral change in the health care benefits go into effect Plaintiffs and the class they represent will be required to choose to either forego a basic necessity such as food, housing or utilities or to forgo necessary medical treatment or procedures. (Sparks and Welch Declarations)

33. Plaintiffs Fulks, Murphy and the class of retirees and beneficiaries they represent were subjected to unilateral changes in their health care benefits effective August 1, 2012. While these Plaintiffs are recently retired and, therefore, have a much larger pension

income than the other Plaintiffs referred to above and do not face the loss of the basic necessities of life due to Defendants' acts and omissions. However, they are now incurring damages as a result of these changes by Defendant.

## CLASS ACTION ALLEGATIONS

34. The individual Plaintiffs bring this action on behalf of themselves, and on behalf of those similarly situated, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B)(2) and (3).

35. The individual Plaintiffs seek to represent a class of all City of Flint retirees who were or are participants or beneficiaries in the lifetime health insurance benefits plan or plans arising under collective bargaining agreements between the City of Flint and various labor organizations, or participants or beneficiaries in lifetime health insurance plans arising from ordinances and mutually explicit understandings establishing a property interest in lifetime health insurance in the absence of representation by a labor organization that resulted in plans provided under collective bargaining agreements.

36. The exact number of the members of the proposed class is not presently known, but based on information and belief the number is well in excess of 500 persons, and is so numerous that joinder of all members of the proposed class in this action is impracticable.

37. There are questions of law and fact common to the class, including legal and factual questions pertaining to the retirement health benefits provided under applicable

collective bargaining agreements and ordinances and past practices, and to the propriety under federal and state law of Defendants' discontinuation or modification, and threatened discontinuation or modification, of various retirement health care benefits.

38. The individual Plaintiffs' claims are typical of the claims of members of the proposed class in that all these claims arise under collective bargaining agreements, ordinances and past practice and conduct. The plans cover retirees as well as their eligible spouses and dependents. Additionally, the claims relate to Defendants' wrongful reduction or threatened reduction of retiree health insurance benefits contrary to relevant agreements.

39. The individual Plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same or similar law and contract obligations and retiree health plans, and because they have secured representation of attorneys who are skilled, knowledgeable, and experienced in labor and employment law, civil constitutional litigation and multiparty and class action litigation involving attempts to reduce or eliminate the retirement benefits of public sector retirees.

40. Defendants' wrongful acts were undertaken on grounds that are generally applicable to the proposed class members, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

41. The common questions of law and fact that are implicated predominate over any questions that affect only individual members of the proposed class, and class action

is far superior to any other available methods for the fair and efficient adjudication of this controversy.

## COUNT I - 42 U.S.C. §1983 – UNCONSTITUITONAL IMPAIRMENT OF CONTRACT RIGHTS

42. Paragraphs 1-41 are incorporated in this count.

43. The Contract Clause of the United States Constitution provides that "[n]o State shall . . . pass any . . . law impairing the obligation of contracts . . . ." U.S. Const. art. I, §10, cl.1.

44. The collective bargaining agreements, separation agreements and settlement agreements between Plaintiffs and the City of Flint are contracts within the meaning of the Contracts Clause, and City of Flint ordinances, past practices, handbooks and promises also create enforceable contract rights for non-union retirees.

45. 42 U.S.C. §1983 provides a cause of action against any persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who cause "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

46. Defendant Michael Brown, acting under color of state law, caused the deprivation of rights, privileges and immunities secured under the Contracts Clause.

47. Defendant Erlenbeck administered, enforced and applied the emergency manager orders pursuant to Public Act 4 of 2011, under color of state laws. Defendant has caused the deprivation of rights, privileges and immunities secured under the

Contracts Clause.

48. Defendant City of Flint has caused the deprivation of rights, privileges, or immunities secured by the Contracts Clause acting under color of state statute, ordinance, custom and regulation, including an official policy or custom adopted by the City.

## COUNT II-VIOLATION OF 11 USC § 903, THE BANKRUPTCY CLAUSE AND THE SUPREMEACY CLAUSE

49. Paragraphs 1-48 are incorporated in this count.

50. The Bankruptcy Clause of the United States Constitution gives Congress the authority to enact "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, §8, cl.4.

51. Congress has exercised its authority under the Bankruptcy Clause by enacting Title 11 of the United States Code. Laws made pursuant to express constitutional authority are "the supreme law of the land" under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl.2.

52. Pursuant to 11 U.S.C. § 903(1), State laws or the application thereof that are intended to reduce municipal debt obligations to non-consenting creditors are preempted. This provision is intended to establish a national, uniform system for adjustment of municipal debts.

53. For purposes of this provision, Plaintiff retirees are non-consenting creditors. The actions taken by Defendants to reduce the City of Flint's obligations to Plaintiffs and similarly situated retirees, pursuant to the powers delegated to them by Public Act 4,

are in violation of the Bankruptcy Code and preempted by the same.

## COUNT III - 42 U.S.C. §1983 – UNCONSTITUTIONAL DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS OR JUST COMPENSATION

54. Paragraphs 1-53 are incorporated in this count.

55. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of property without due process of law.

56. The collective bargaining agreements, separation agreements and other bargained for exchanges and promises between Plaintiffs and the City of Flint are contracts establishing property rights under state law. Additionally, City of Flint ordinances, past practices, handbooks and promises also establish property interests for union and non-union retirees.

57. Prior to the deprivation of a property interest, Plaintiffs were not given any opportunity to be heard upon notice of the deprivation of their property interests.

58. 42 U.S.C. §1983 provides a cause of action against any persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who cause "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

59. Defendants did not provide Plaintiffs with notice and an opportunity to be heard at a meaningful hearing, nor have Defendants provided Plaintiffs with just compensation for their taking of Plaintiffs' property interests.

**WHEREFORE**, Plaintiffs pray that this Court:

A. Certify this action as a class action, appoint the individual plaintiffs as class representatives, and authorize plaintiffs' counsel to serve as class counsel.

B. Declare the acts and omissions of Defendants to be unconstitutional and in violation of Plaintiffs' Rights under federal law for the reasons set forth above.

C. Issue a temporary restraining order, preliminary injunction and permanent injunction restraining Defendants from changing Plaintiffs's health insurance and prescription benefits scheduled for change on September 1, 2012.

D. Enter an order compelling Defendants to reinstate the level of benefits provided before the orders at issue were signed by the Emergency Manager for the City of Flint.

E. Enter an award of attorney fees pursuant to 42 U.S.C. §1988.

F. Award such other relief as may be warranted by law and equity.

## JURY DEMAND

Plaintiff's hereby demand a trial by Jury on the issues set forth in their complaint.

**Respectfully Submitted,**

                          LAW OFFICE OF GREGORY T. GIBBS

Dated: August 28, 2012       /S/Alec Scott Gibbs
                                    By: Alec Scott Gibbs (P73593)
                                    Attorney for Plaintiffs
                                    717 S. Grand Traverse
                                    Flint, Michigan 48502
                                    gibbsale@gmail.com