UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WELCH, ET AL.,

        Plaintiffs,

v.

MICHAEL BROWN, ET AL.,

        Defendants.

                              /

Case No. 12-13808

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER DENYING MOTION TO STAY INJUNCTION ON APPEAL [20]

Before the Court is Defendants' Motion for a Stay of Injunction Pending Appeal [20], filed on April 12, 2013. Alternatively, Defendants request that the Court limit its injunction only to the six Plaintiffs named in the appeal, rather than the proposed class. For the reasons stated below, Defendants' Motion is DENIED.

### I. Procedural Background

Plaintiffs originally filed their Complaint [1] on August 28, 2012. Their Motion for a Preliminary Injunction [2] was filed on August 29, 2012. On March 29, 2013, the Court granted Plaintiffs' motion and issued a preliminary injunction. Defendants subsequently appealed and have moved this Court to stay its injunction pending the resolution of their appeal.

### II. Factual Background

The facts of this case are extensively discussed in this Court's Order [17] granting Plaintiffs' Motion for a Preliminary Injunction.

### III. Analysis

#### Standard

In determine whether a stay pending appeal should be granted, this Court must consider the same four factors that it considered in evaluating the original motion for a preliminary injunction.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.* (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n,* 812 F.2d 288, 290 (6th Cir.1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (citation omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

However, in evaluating a motion for a stay of an injunction pending appeal, "the balancing process is not identical due to the different procedural posture . . . ." *Michigan Coal. of Radioactive Materials Users, Inc.*, 945 F.2d at 143. "[A] movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Id.*

### A. Probability of Success on the Merits

As noted above, Defendants must demonstrate a "likelihood" of success on the merits. Defendants' Motion for a Stay of Injunction Pending Appeal is notable in not presenting *any* argument regarding success on the merits, and the Court finds no reason to reconsider its prior ruling.

Given the Court's extensive analysis of this issue in its previous Order [17], the Court finds that Defendants have not demonstrated a probability or likelihood of success on the merits.

### B. Irreparable Harm

The Court previously found that Plaintiffs would suffer irreparable harm because, as retirees on fixed incomes, they would be forced to choose between the cost of health care, the cost of basic living necessities, and the payment of their mortgages. The Sixth Circuit has previously upheld a district court's finding that a loss of health insurance, which would "adversely effect the proper maintenance of [the plaintiff's] health,"and was sufficient to establish irreparable harm as the "interruption of the care might cause irreversible physical harm." *See Intn'l Res., Inc. v. N.Y. Life Ins. Co.*, 950 F.2d 294, 302 (6th Cir. 1991).

Defendants offer no new arguments as to this factor. As such, the Court adopts its original finding that Plaintiffs will suffer irreparable harm absent an injunction.

### C. Whether Preliminary Injunction Will Cause Harm to Third Parties and is in the Public Interest

The Court previously found that the granting of an injunction would not cause substantial harm to third parties and was in the public interest.

Defendants provide their only new arguments in regard to this factor. Defendants argue that it is not possible to recoup the "savings" of $3.5 million the City will gain by cutting the healthcare benefits of Plaintiffs and other retirees, as Plaintiffs do not possess sufficient funds to repay the City should Defendants prevail. Defendants therefore conclude that "[t]his expense would be forever lost and the City and citizens of Flint would not have the use of those funds for providing of services to the City of Flint." Defs.' M. at 3.

Defendants' argument is, in essence, the same argument that has already been rejected by the Court. As discussed extensively in the Court's Order [17], the Court is unconvinced by Defendants' argument that the City may break its contractual agreements simply because Defendants

have determined that a balanced budget must be achieved regardless of past commitments. While it is clear that under certain circumstances a government entity may abrogate contractual rights, it must provide a "significant and legitimate" public purpose for doing so. Defendants have presented no evidence as to why their self-imposed target of a balanced budget in Fiscal Year 2013 is sufficiently "reasonable and necessary" as to require the abrogation of contract rights guaranteed by the Constitution. As stated by the Supreme Court, "[a] governmental entity can always find a use for extra money, especially when taxes do not have to be raised. If a State could reduce its financial obligations whenever it wanted to spend the money for what it regarded as an important public purpose, the Contract Clause would provide no protection at all." *U.S. Trust Co. of N.Y. v. New Jersey*, 431 U.S. 1, 25-26 (1977).[1]

Accordingly, the Court finds that the continued existence of the preliminary injunction will not cause substantial harm to third parties. Further, the public interest weighs in favor of ensuring continuing access to health care.

### D. Defendants' Argument - Injunction Should Apply Only to Named Plaintiffs

Defendants argue that this Court's injunction should apply only to the six named Plaintiffs and not to all alleged class members. In support of this argument Defendants cite to *Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2002). In *Sharpe*, the Sixth Circuit held that the district court erred

---

[1] Defendants state in their motion that the Court may have misunderstood Flint's budgetary situation. Defendants note that the $25.7 million deficit discussed by the Court is the yearly deficit, and that "the City did not eliminate the accumulated debt that has accumulated over the years with the FY 2013 budget." Defs.' M. at 3. The Court was aware of this fact. Indeed, the Court's holding was based upon the finding that Defendants' self-imposed goal of achieving a balanced yearly budget did not justify the abrogation of contract rights necessary for the state to slash retiree health care benefits. Defendants new statement that "it is projected that subsequent budgets, beginning with FY 2014 forward, will be deficit budgets," only serves to emphasize the Court's point. Defs.' M. at 3-4. The achievement of a balanced budget for FY 2013, in an of itself, is an arbitrary goal that does not serve as a basis upon which the City may simply opt out of its contractual obligations to retirees.

when it ordered an injunction prevent the defendant mayor from taking adverse employment actions based on political affiliation or beliefs against all members of the Knoxville Fire Department. Defendants argue that "[t]he injunction issued by the district court is overly broad in that the class-wide focus is completely unnecessary to provide the named Plaintiffs with relief to which they are entitled as prevailing parties." *Id.* at 273.

However, the reason for the Sixth Circuit's finding that an injunction affecting all Knoxville firefighters was "overly broad" in *Sharpe* was because the plaintiffs had "never sought nor received class certification . . . ." *Id.* at 273. The district court never analyzed the case under the factors required for a preliminary injunction as related to the class.

In the instant case, however, Plaintiffs filed their case as a class action, and seek class certification. As a class action, Defendants' argument that there "has been no record established as to the harm that would apply to the other individual retirees" is not persuasive. The Court is also mindful that prior to the Court's actual determination of class status in this case "the Court should treat the action as a class suit." *Lapeer Cnty. Med. Care Facility v. Michigan*, 765 F. Supp. 1291, 1302 (W.D. Mich. 1991) (citing Moore & Kennedy, *Moore's Federal Practice* § 23.50, at 23–396 and –397 (2d ed. 1990)).

## IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion for a Stay of Injunction Pending Appeal [20] is **DENIED**.

**SO ORDERED**.

                                              s/Arthur J. Tarnow
                                              ARTHUR J. TARNOW
                                              SENIOR U.S. DISTRICT JUDGE

Dated: June 25, 2013