UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN WELCH, ET AL.,

    Plaintiffs,

v.

MICHAEL BROWN, ET AL.,

    Defendants.
_____/

Case No. 12-13808

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO AMEND ORDER [50]

This is a putative class action on behalf of retirees whose health benefits were altered by a plan proposed by the Emergency Manager of the City of Flint. On June 30, 2014, the Court entered an Order Granting in Part Defendant Flint's Motion to Modify Preliminary Injunction [49] allowing the Flint Emergency Manager to make limited changes to retirees' health benefits.

Before the Court now is Plaintiffs' Emergency Motion to Amend/Correct the Court's Order [50] and Defendant Flint's Response [51]. In their Motion [50], Plaintiffs request the court to add the following language to each paragraph of its previous Order [50]:

> Nothing in this order shall be construed to permit the City of Flint to change or modify the City of Flint's obligations under the permanent injunction issued in the case of *Yurk et al. V. City of Flint* and *Dicks, et al. v. City of Flint*, being Case No. 01-71149-

> NZ and Case No. 00-69878-NZ before the Honorable Judge Archie L. Hayman of the Seventh Circuit Court for the County of Genesee, Michigan. Nothing in this order shall be construed to permit the City of Flint to change or modify the City of Flint's obligations under the consent judgment entered in the consolidated cases of *Menosky, et al. v. City of Flint* and *Ashley, et al. v. City of Flint*, being Case No. 10-CV-11894 and Case No. 11-cv-12588 before the Honorable Judge Mark A. Goldsmith of the Eastern District of Michigan.

Plaintiffs' Proposed Order. (Internal errors corrected).

Federal district courts lack jurisdiction to modify state-court orders. *See generally Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Similarly, the Court is unaware of any authority granting the Court the power to modify an order of another sitting United States District Judge. *See e.g. TradeWinds Airlines, Inc. v. Soros*, 2011 WL 873161 at *2 (S.D.N.Y. March 14, 2011) ("The undersigned is unaware of any legal authority permitting a district court judge to modify an order entered by another sitting district court judge"); *In re Pusser*, 123 F.Supp. 164, 167 (E.D.S.C. 1954) ("I have no power or authority to amend, modify or revoke an order of another United States District Judge."). Implicit in any order a federal district court issues, unless stated otherwise, is that the order does not disturb the validity or enforceability of any state court orders or orders entered by other sitting United States District Judges. Granting Plaintiffs' Motion [50] would be, at best, redundant and, at worst, unauthorized. If Plaintiffs wish to enforce the orders they

reference in *Yurk, Dicks, Menosky,* or *Ashley*, they must pursue whatever remedies are available to them before the appropriate courts and judges. Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion to Amend/Correct the Court's Order [50] is **DENIED**.

**SO ORDERED.**

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: November 6, 2014